```
FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★  JUL 09 2018  ★
LONG ISLAND OFFICE
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
UNITED STATES OF AMERICA,

                    Plaintiff,

- against -

GORDON SMITH, SR.

                    Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**COMPLAINT**

Civil Action No.
CV-17-
(    , J.) (   , M.J.)

CV-18 3920

SPATT, J.

TOMLINSON, M.J.

The United States of America, through its undersigned attorney, RICHARD P. DONOGHUE, United States Attorney, VINCENT LIPARI, Assistant U.S. Attorney, of counsel, by the authority of the Attorney General, and at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), alleges as follows.

### NATURE OF THE ACTION

1.     This is a civil action commenced under Section 309(b) and (d) of the Clean Water Act ("CWA"), 33 U.S.C. § 1319(b) and (d). The United States seeks injunctive relief and civil penalties against defendant Gordon Smith, Sr. for: (1) violations of CWA Section 301(a), 33 U.S.C. § 1311(a), for the discharge of pollutants in the form of fill material, without a permit, into waters of the United States consisting of salt-marsh wetlands within the geographic boundaries of the Shinnecock Indian Nation Territory in the Town of Southampton, New York; (2) failure to respond to an information request issued by EPA pursuant to CWA Section 308(a), 33 U.S.C. § 1318(a); and (3) failure to comply with an administrative order issued by EPA pursuant to CWA Section 309(a)(3), 33 U.S.C. § 1319(a)(3).

2. In this action, the United States seeks: (1) to enjoin the discharge of pollutants without a permit into waters of the United States in violation of CWA Section 301, 33 U.S.C. §§ 1311; (2) to compel defendant to comply with the requirements of the CWA and its implementing regulations; (3) to compel defendant, at his own expense and at the direction of EPA, to restore and/or mitigate damage to the waters of the United States caused by defendant's unlawful activity; (4) to compel defendant to respond to the information request issued by EPA pursuant to CWA Section 308, 33 U.S.C. § 1318; and (5) to require defendant to pay civil penalties as provided in 33 U.S.C. § 1319(d).

## JURISDICTION AND VENUE

3. This court has jurisdiction over the subject matter of this action pursuant to CWA Section 309(b), 33 U.S.C. §§ 1319(b), and 28 U.S.C. §§ 1331, 1345, and 1355.

4. Venue is proper in the Eastern District of New York pursuant to CWA Section 309(b), 33 U.S.C. §§ 1319(b), and 28 U.S.C. § 1391(b) and (c) and § 1395(a), because the subject property is located in this district and the cause of action alleged arose in this district.

5. Notice of commencement of this action has been provided to the State of New York and the Shinnecock Indian Nation pursuant to CWA Section 309(b), 33 U.S.C. § 1319(b).

## THE PARTIES

6. The plaintiff in this action is the United States of America. Authority to bring this action is vested in the United States Department of Justice pursuant to 28 U.S.C. §§ 516 and 519 and 33 U.S.C. § 1366.

7. Defendant Gordon Smith, Sr. is a private individual who lives on 5 East Creek Way, in the Town of Southampton, Suffolk County, New York.

## STATUTORY BACKGROUND

8. CWA Section 301(a), 33 U.S.C. § 1311(a), prohibits "the discharge of any pollutant by any person" into "navigable waters" except in compliance with, among other things, a permit issued pursuant to CWA Section 404, 33 U.S.C. § 1344.

9. For purposes of the CWA, a "person" is, inter alia, any "individual . . ." CWA Section 502(5), 33 U.S.C. § 1362(5).

10. The term "discharge of a pollutant" includes "any addition of any pollutant to navigable waters from any point source." CWA Section 502(12), 33 U.S.C. § 1362(12).

11. "[P]ollutants" include "dredged or fill material." CWA Section 502(6), 33 U.S.C. §§ 1344(a) and 1362(6).

12. CWA Section 502(14), 33 U.S.C. § 1362(14) defines "point source" to include "any discernible, confined and discrete conveyance . . . from which pollutants are or may be discharged."

13. The conveyance of dredged or fill material by mechanized earthmoving equipment constitutes a "point source" within the meaning of the CWA Section 502(14), 33 U.S.C. § 1362(14).

14. "[N]avigable waters" are "the waters of the United States, including the territorial seas." CWA Section 502(7), 33 U.S.C. § 1362(7).

15. 33 C.F.R. § 328.3(a)(1),(2),(5)-(7) and 40 C.F.R. § 232.2(c)(4) define "waters of the United States" to include: (i) all waters which are currently used, were used in the past or may be susceptible to use in interstate or foreign commerce, including all waters which are subject to the ebb and flow of the tide; (ii) all interstate waters; (iii) tributaries to such waters; and (iv) wetlands adjacent to such waters or their tributaries.

16. 33 C.F.R. §§ 328.3(c)(4) and 40 C.F.R. § 232.2 define "wetlands" as "those areas that are inundated or saturated by surface or ground water at a frequency and duration sufficient to support, and that under normal circumstances do support, a prevalence of vegetation typically adapted for life in saturated soil conditions." 33 C.F.R. § 328.3(b).

17. 33 C.F.R. §§ 328.3(c) and 40 C.F.R. § 230.3(b) define "adjacent" as "bordering, contiguous or neighboring."

18. CWA Section 404, 33 U.S.C. § 1344, authorizes the Secretary of the Army, acting through the Chief of Engineers, to issue permits for the discharge of dredged or fill material into navigable waters at specified disposal sites, after notice and opportunity for public comment.

19. CWA Section 309(b), 33 U.S.C. § 1319(b), authorizes the commencement of a civil action for appropriate relief, including a permanent or temporary injunction, against any person who violates CWA Section 301(a).

20. CWA Section 309(d), 33 U.S.C. § 1319(d), authorizes the commencement of a civil action for civil penalties against any person who violates CWA Section 301(a) or who violates any valid order issued by EPA.

## FACTUAL BACKGROUND

### A. Defendant

21. Defendant is a member of the Shinnecock Indian Nation ("the Nation") and lives on and occupies property located on 5 East Creek Way, on the east side of the Nation territory and within the geographic boundaries of the Town of Southampton, Suffolk County, New York (the "Property"). The Property was allotted to him for residential purposes only by the Nation.

22. At all times relevant, defendant occupied and controlled the Property and/or otherwise controlled all actions relevant to this Complaint that occurred on the Property.

**B.    The Property**

23.    On June 30, 2016, at the request of the Council for the Shinnecock Indian Nation, EPA conducted an inspection ("the Inspection") of the Property.

24.    At the Inspection, EPA recorded data from soil samples taken from two different locations on the periphery of the fill area; both locations exhibited the characteristics of wetlands as well as the presence of hydrophytic vegetation and hydric soils.

25.    The data that EPA recorded at the Inspection confirmed that the area of the Property onto which dredged or fill material was placed ("Fill Area") is wetlands within the meaning of 33 C.F.R. § 328.3(b) and 40 C.F.R. § 232.2. See Exhibit 1 (Photo depicting the Fill Area). The Fill Area is in tidal wetlands ("the Shinnecock Wetlands") that are adjacent to Heady Creek, which is subject to the ebb and flow of the tide.

26.    Heady Creek is an arm of Shinnecock Bay which is a tidal embayment of the Atlantic Ocean.

27.    The CWA's jurisdiction encompasses "navigable waters" which are defined as "waters of the United States." 33 U.S.C. § 1362(7). The Shinnecock Wetlands and Heady Creek are waters of the United States.

28.    Based on the hydrologic connection to the navigable waters described above, the Shinnecock Wetlands perform several ecological functions, including serving as wildlife habitat, reducing wave energy, protecting the shoreline against erosion, and providing water quality improvement benefits to Heady Creek.

C.  **Defendant's Violations of the CWA**

   i.  **Defendant's Unauthorized Fill of Wetlands**

   29.  Beginning in 2013, defendant and/or persons acting at his direction and/or with his knowledge and/or consent caused and continue to cause earth-moving activities on the Property that have resulted in the discharge of fill material into one-tenth of an acre of the Shinnecock Wetlands.

   30.  Defendant and/or persons acting at his direction, and/or with his consent and/or knowledge, used mechanized earthmoving equipment for the discharge of fill material into the Shinnecock Wetlands.

   31.  The fill material discharged into the Shinnecock Wetlands consists primarily of construction and demolition debris (such as bricks, rebar, and concrete), as well as gravel, dirt and landscaping material (such as sod, branches, and shrubs), all of which constitute pollutants as defined in CWA Section 502(6), 33 U.S.C. § 1362(6).

   32.  The discharges have had and continue to have the effect of adversely impacting the Shinnecock Wetlands.

   33.  At the time of the discharges, defendant occupied and controlled the Property.

   34.  At the time of the discharges, defendant was aware of and/or consented to all of the activities described above.

   38.  The defendant did not obtain a CWA Section 404 permit from the Secretary of the Army, acting through the Army Corps of Engineers, for the discharge of fill material into waters of the United States, as required by CWA Section 301(a), 33 U.S.C. § 1311(a).

35. The discharges of fill material had the effect of expanding upland areas by replacing tidal wetlands bordering Heady Creek with dry land.

36. Given that the Shinnecock Wetlands are part of the largest estuarine ecosystems in New York State, the discharge of fill material into the Shinnecock Wetlands diminishes the extent to which the wetland can perform these functions and maintain healthy aquatic ecological communities.

ii. **Defendant's Failure to Respond to EPA's Request for Information and Defendant's Failure to Comply with EPA's Administrative Order**

37. On March 1, 2017, pursuant to CWA Section 308, 33 U.S.C. § 1318, EPA sent defendant a Request for Information ("Request for Information") requiring defendant to, among other things, compile a list of all contractors that dumped fill material at the Property. The Request for Information required a response from defendant within fifteen days of its receipt.

38. Defendant did not respond to the Request for Information within fifteen days of receipt or at any time thereafter.

39. On May 3, 2017, EPA issued to defendant an Administrative Compliance Order, Docket # CWA-02-2017-3502 ("ACO"), pursuant to CWA Section 309(a), 33 U.S.C. § 1319(a).

40. The ACO directed defendant to, among other things: respond to the Request for Information; remove all unauthorized fill material; restore the Shinnecock Wetlands to their pre-violation condition; and submit a restoration plan and obtain EPA's written approval for the plan.

41. Defendant has not complied with the ACO, or taken any actions to restore the Shinnecock Wetlands to their pre-violation condition.

## COUNT I:

### UNAUTHORIZED DISCHARGES OF FILL MATERIAL

42. The United States repeats and re-alleges the allegations set forth in ¶¶ 1-41

43. On numerous occasions prior to June 30, 2016, and continuing through to this date, defendant and persons acting at his direction, and/or with his consent and/or knowledge, discharged fill material from point sources on the Property into waters of the United States, i.e., the Shinnecock Wetlands.

44. Defendant is a person within the meaning of CWA Section 502(5), 33 U.S.C. § 1362(5).

45. The Shinnecock Wetlands are a "water of the United States" and a "navigable water" within the meaning of CWA Section 502(7), 33 U.S.C. § 1362(7).

46. The discharge of fill material constitutes a discharge of a pollutant within the meaning of CWA Section 301, 33 U.S.C. § 1362(12).

47. The mechanized equipment used to unlawfully discharge pollutants onto the Property constitutes a "point source" within the meaning of CWA Section 502(14), 33 U.S.C. § 1362(14).

48. Defendant and/or persons acting on his behalf and/or with his knowledge and/or consent violated and continue to violate CWA Section 301(a), 33 U.S.C. § 1311(a), by unlawfully discharging fill material into the Shinnecock Wetlands.

49 Each day that the fill material remains in the Shinnecock Wetlands constitutes a separate violation of CWA Section 301(a), 33 U.S.C. § 1311(a).

50. Unless enjoined, defendant and/or persons acting on his behalf or with his knowledge and consent are likely to continue to discharge fill material into, or allow filled material

to remain in, the Shinnecock Wetlands in violation of CWA Section 301(a), 33 U.S.C. § 1311(a). Pursuant to CWA Sections 309(a) and (b), 33 U.S.C. §§ 1319(a) and (b), the United States may seek appropriate injunctive relief.

51. Pursuant to CWA Sections 309(a), (b) and (d), 33 U.S.C. §§ 1319(a), (b) and (d), the Debt Collection Improvement Act of 1996, 31 U.S.C. §3701, and the Civil Monetary Penalty Inflation Adjustment Rules, 40 C.F.R. § 19.4, defendant is liable for a civil penalty of up to $51,570 for each day of each violation of CWA Section 301(a), 33 U.S.C. § 1311(a).

## COUNT II

### FAILURE TO RESPOND TO EPA'S REQUEST FOR INFORMATION

52. The United States repeats and re-alleges the allegations set forth in ¶¶ 1-51.

53. On March 1, 2017, pursuant to CWA Section 308, 33 U.S.C. § 1318, EPA sent the Request for Information to defendant.

54. Defendant failed to respond to the Request for Information.

55. Pursuant to CWA Section 309(b) and (d), 33 U.S.C. §§ 1319(b) and (d), the United States may seek appropriate injunctive relief and the defendant is liable for a civil penalty for each day that he failed to respond to the Request for Information.

## COUNT III

### VIOLATION OF MAY 3, 2017 EPA'S ADMINISTRATIVE ORDER

56. The United States repeats and re-alleges the allegations set forth in ¶¶ 1-55.

57. On May 3, 2017, EPA issued to defendant the ACO, pursuant to CWA Section 309(a), 33 U.S.C. § 1319(a).

58. Defendant has not responded to or complied with the May 3, 2017 ACO,

nor has defendant taken any actions to restore the Shinnecock Wetlands to their pre-violation condition pursuant to an approved plan.

59. Defendant remains in violation of the May 3, 2017 ACO.

60. Pursuant to CWA Section 309(d), 33 U.S.C. § 1319(d), defendant is liable for a civil penalty for each day of violation of the May 3, 2017 ACO.

## **PRAYER FOR RELIEF**

Wherefore, plaintiff the United States of America respectfully requests that this court order the following relief:

1. Permanently enjoin defendant from discharging or causing the discharge of fill material or other pollutants into any water of the United States at the Property and Shinnecock Wetlands except in compliance with the CWA;

2. Order defendant to undertake, at his own expense and at the direction of the EPA, the restoration of the waters of the United States at the Property and the Shinnecock Wetlands, and to conduct on-site and off-site mitigation for unauthorized impacts to waters of the United States, as appropriate;

3. Order defendant to respond to the Request for Information;

4. Order defendant to pay civil penalties pursuant to CWA Section 309(d), 33 U.S.C. § 1319(d) for each day of violation of CWA Sections 301(a) and 308, 33 U.S.C. §§ 1311(a) and 1318, and for each day of violation of the ACO; and

5. Award the United States its costs and disbursements and such other relief as appears just and proper.

                                                  JEFFREY H. WOOD
Acting Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

Dated: Central Islip, New York
       July 9, 2018

RICHARD P. DONOGHUE,
United States Attorney
Eastern District of New York
Attorney for the United States
610 Federal Plaza, 5th Flr.
Central Islip, New York 11722

By:   Vincent Lipari
       VINCENT LIPARI
       Assistant U.S. Attorney
       (631)715-7864