UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
UNITED STATES OF AMERICA,

               Plaintiff,

    - against -

GORDON SMITH, SR.,

               Defendant.
-------------------------------------------------------------------X

**ORDER OF INJUNCTION**
**AND**
**ORDER ADOPTING REPORT**
**AND RECOMMENDATION**
18-CV-3920 (RRM) (AKT)

ROSLYNN R. MAUSKOPF, United States District Judge.

      On July 9, 2018, the United States ("the Government"), on behalf of the United States

Environmental Protection Agency ("EPA"), commenced this action against *pro se* defendant

Gordon Smith, Sr., a member of the Shinnecock Indian Nation, alleging that he violated the

Clean Water Act ("CWA"), 33 U.S.C. § 1319(b) and (d), by unlawfully discharging pollutants

into waters of the United States, specifically wetlands, in Southampton, New York.  The

Government moved for a preliminary injunction and for an order, pursuant to Federal Rule of

Civil Procedure 26(d)(1), for limited expedited discovery requiring Smith to respond to a

Request for Information originally sent to him by the EPA.  (Doc. No. 10.)  On August 22, 2018,

Judge Bianco, to whom this case was previously assigned, referred the Government's motions

for a preliminary injunction and for limited expedited discovery to Magistrate Judge Kathleen A.

Tomlinson for a Report and Recommendation.  (Doc. No. 18.)  On May 30, 2019, this matter

was reassigned to the undersigned.

      On September 30, 2019, Judge Tomlinson issued her report and recommendation (the

"R&R"), (Doc. No. 25), which recommends that the Government's motions for a preliminary

injunction and limited expedited discovery be granted, and that Smith be ordered to respond to

an updated Request for Information.  The R&R expressly advised the parties that, pursuant to

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), any objection to the R&R had to be filed within 14 days of receipt of the R&R. The Government mailed the R&R to Smith on October 8, 2019. (Doc. No. 26.) To date, no party has filed any objection, and the time for doing so has expired.

When determining whether to adopt a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where no party has objected to a magistrate judge's report and recommendation, the court may adopt it without *de novo* review. *See Trustees of Local 7 Tile Indus. Welfare Fund v. Caesar Max Const. Inc.*, No. 18-CV-1339 (FB) (LB), 2019 WL 1129430, at *1 (E.D.N.Y. Mar. 12, 2019). "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Jarvis v. N. Am. Globex Fund, L.P.*, 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (internal quotation marks omitted) (citation omitted); *see also Riverkeeper, Inc. v. MLV Concrete, Inc.*, No. 14-CV-3762 (LDH) (PK), 2017 WL 3172859, at *1 (E.D.N.Y. July 25, 2017).

The Court has reviewed the record and, finding no clear error, adopts the R&R in its entirety as the opinion of the Court.[1]

---

[1] Although not addressed in the R&R, the Court has also conducted a *de novo* review of Smith's argument that the Shinnecock Indian Nation, not the United States, has jurisdiction over this matter. (*See* R&R at 15, 18.) Having conducted a review of the applicable law, the Court finds Smith's argument to be without merit. Indian lands are "not exempt from the Clean Water Act." *Oneida Tribe of Indians of Wis. v. Vill. of Hobart, Wis.*, 732 F.3d 837, 840 (7th Cir. 2013). It is true that "Indian governments of those lands . . . can be delegated regulatory authority under the Act." *Id*. (citing 33 U.S.C. § 1377(e)); *see also Atl. States Legal Found., Inc. v. Hamelin*, 182 F. Supp. 2d 235, 244 (N.D.N.Y. 2001). However, even when the EPA delegates its enforcement duties, the CWA maintains a "federal floor on environmental protection." *Catskill Mountains Chapter of Trout Unlimited, Inc. v. Envtl. Prot. Agency*, 846 F.3d 492, 502–03 (2d Cir. 2017) (citation omitted). It is unclear whether the EPA has delegated its regulatory power to the Shinnecock Indian Nation. However, even assuming that it has, the Court notes that the Shinnecock Indian Nation itself issued a cease and desist order, and collaborated with the EPA in its enforcement efforts. (*See* R&R at 10, 29.) Smith's attempt to shield his unlawful activities by invoking tribal sovereignty is, therefore, unavailing.

Accordingly, the Court grants the Government's motion for a preliminary injunction, and for expedited discovery as follows:

**ORDERED,** that defendant Gordon Smith, Sr., and those acting in concert with him are enjoined during the pendency of this action, or until further Order of this Court, from placing fill material into waters of the United States from Smith's allotment of land, located at 5 East Creek Way on the eastern shore of the Shinnecock Indian Nation territory within the geographic boundaries of the Town of Southampton, New York; and it is

**FURTHER ORDERED** that defendant Gordon Smith, Sr. respond within 21 days of the date of this Order to the Request for Information (RFI) originally sent to him on March 1, 2017; and it is

**FURTHER ORDERED**, that the Government serve on defendant Gordon Smith, Sr., by overnight mail, a copy of this Order, using the following addresses, and immediately file proof of service:

Gordon Smith, Sr.
P.O. Box 1515
Shinnecock Nation Indian Territory
Southampton, New York  11969

Gordon Smith, Sr.
5 East Creek Way
Shinnecock Nation Indian Territory
Southampton, New York  11968

This action is re-committed to Magistrate Judge Tomlinson for supervision of discovery, and for all remaining pretrial matters.

SO ORDERED.

Dated:   Brooklyn, New York
   November 19, 2019

*Roslynn R. Mauskopf*

_____
ROSLYNN R. MAUSKOPF
United States District Judge